IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
CASE NO. 2:17-cv-56

| | | |
|---|---|---|
| CAPE HATTERAS ELECTRIC MEMBERSHIP CORPORATION, an electric membership corporation organized and existing pursuant to N.C. Gen. Stat. Chapter 117, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | **NOTICE OF REMOVAL** |
| v. | ) ) | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

TO: The United States District Court for the Eastern District of North Carolina Northern Division.

NOW COMES Defendant Nationwide Mutual Insurance Company, through undersigned counsel, pursuant to 28 U.S.C. § 1332, and hereby removes this case from the General Court of Justice, Superior Court Division, Dare County, North Carolina. The Defendant denies, in whole or in part, the allegations contained in the Complaint and the damages claimed therein, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in State or Federal Court. In support of this Notice of Removal, the Defendant shows unto the Court the following:

1. On or about September 28, 2017, Plaintiff commenced this action by filing a Complaint in the Superior Court of Dare County, North Carolina captioned as *Cape Hatteras Electric Membership Corporation, an electric membership corporation organized and existing*

*pursuant to N.C. Gen. Stat. Chapter 117 v. Nationwide Mutual Insurance Company,* Civil Action No. 17 CVS 520. Defendant was served on October 25, 2017. A copy of all State court pleadings and service of process documents are attached hereto.

2. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because (1) Defendant has satisfied the procedural requirements for removal, and (2) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

I. **Defendant has Satisfied the Procedural Requirements for Removal**

A. This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of service of the Complaint on Defendant.

B. Generally the amount in controversy is determined by reference to the Plaintiff's Complaint. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010). However, "[w]hen the amount of damages a plaintiff seeks is unclear, the court may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *Dash v. FirstPlus Home Loan Trust 1996-2*, 248 F. Supp. 2d 489, 498 (M.D.N.C. 2003) (internal quotation and citations omitted). North Carolina procedural rules requiring certain claims to be pled "in excess of certain dollar amount[s] . . . mak[es] it difficult to determine the exact amount in controversy." *Lee Elec. Constr., Inc. v. Eagle Elec., LLC*, 1:03CV00065, 2003 U.S. Dist. LEXIS 9956, *10 (M.D.N.C. June 10, 2003). When attempting to clarify and properly evaluate the amount in controversy, this Court has identified a pre-suit demand as evidence which may allow a defendant to properly determine whether the amount in controversy exceeds the requisite jurisdictional amount. *Marler v. Amoco Oil Co.,* 793 F. Supp. 656, 659, 1992 U.S. Dist. LEXIS 10446, at **11-12 (E.D.N.C. June 12, 1992) (holding that "defendant should have known within the 30-day time limit

set forth in § 1446(b) that grounds for removal to this court existed"). This analysis would presumably apply to descriptions of the damages provided by the claimant.

C. The Plaintiff alleges that as the result of the Defendant's breach of contract, it has "incurred damages in excess of $25,000.00, for which Nationwide is liable, for the settlement costs and related legal expenses"...incurred by Plaintiff in settlement of three separate CERCLA actions. Upon information and belief, the settlements and expenses alleged to have been incurred by Plaintiff are in excess of $860,000.00.

## II. Complete Diversity of Citizenship Exists Between Plaintiffs and Defendant.

A. There is complete diversity between Plaintiff, a citizen of North Carolina, and the Defendant, incorporated and having a principal place of business in another state.

B. Plaintiff is alleged to be a resident of the State of North Carolina. Accordingly, North Carolina is the state in which Plaintiff is domiciled and, therefore, the state of which Plaintiff is a citizen for purposes of determining diversity.

C. Nationwide Mutual Insurance Company, is and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Ohio with its principal place of business in Ohio, and, therefore, is a citizen of Ohio for purposes of determining diversity pursuant to 28 U.S.C. § 1332(c)(1).

WHEREFORE, Defendant respectfully requests this matter be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated this 21st day of November, 2017.

                        **BROWN, CRUMP, VANORE & TIERNEY, L.L.P.**

                        /s/ W. John Cathcart, Jr.
                        R. Scott Brown
                        NC State Bar No.: 13435
                        W. John Cathcart, Jr.
                        NC State Bar No.: 28255
                        *Attorney for Defendant*
                        Post Office Box 1729
                        Raleigh, NC 27602
                        Telephone: 919-835-0909
                        Facsimile: 919-835-0915
                        Email: sbrown@bcvtlaw.com
                        Email: jcathcart@bcvtlaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Norman W. Shearin
Nexsen Pruet PLLC
4141 Parklake Avenue
Raleigh, NC 27612
Email: nshearin@nexsenpruet.com
Attorney for Plaintiff

James W. Bryan
Nexsen Pruet PLLC
701 Green Valley Road, Suite 100
P.O. Box 3463
Greensboro, NC 27402
Email: jbryan@nexsenpruet.com

This 21st day of November, 2017.

**BROWN, CRUMP, VANORE & TIERNEY, L.L.P.**

/s/ W. John Cathcart, Jr.
R. Scott Brown
NC State Bar No.: 13435
W. John Cathcart, Jr.
NC State Bar No.: 28255
*Attorney for Defendant*
Post Office Box 1729
Raleigh, NC 27602
Telephone: 919-835-0909
Facsimile: 919-835-0915
Email: sbrown@bcvtlaw.com
Email: jcathcart@bcvtlaw.com